### NATHAN W. OVIATT *vs.* JONATHAN W. POND.

In trespass for taking personal property, where the property has been taken without malice and under a claim of right, and the controversy relates only to the title, the rule of damages is the value of the property at the time of the taking, and interest from that time to the time of the judgment.

Where in such a case the plaintiff claimed that by the taking of the property he had been broken up in his business, and the judge charged the jury that the defendant must make the plaintiff good for all the actual damage sustained by him at the defendant's hands, resulting directly and naturally from the injury, a new trial was granted on motion of the defendant.

Under the 27th section of the statute with regard to intemperance, which provides that "no action shall be maintained for the recovery or possession of spirituous liquors, or the value thereof, except in cases where persons owning or possessing such liquors with lawful intent may have been illegally deprived of the same," there can be no recovery in an action of trespass for the value of liquors taken, where the same were kept for illegal sale.

And this rule was applied where the liquors of the plaintiff had been attached and taken away by the defendant, an officer, as the property of another party against whom he held a writ of attachment.

Liquors kept for sale contrary to law, are regarded by the law as having no lawful value, or value for lawful purposes.

This provision of the statute is constitutional and valid.

TRESPASS *qu. cl. fr.* and *de bonis asportatis.* The defendant pleaded the general issue, with notice that he should offer evidence to prove that he was, at the time the goods were taken, a lawful constable of the town of New Haven, (where the tres-

pass was alleged to have been committed,) and that he attached them as the property of one Anthony, to whom they belonged, upon a writ placed in his hands for service ; also that the liquors, casks and kegs described in the declaration as a part of the property taken, were liquors kept by the plaintiff for sale in violation of law, and the vessels in which the same were contained. The case was tried to the jury.

On the trial the defendant offered evidence to prove that a portion of the articles for which the plaintiff sought to recover were spirituous and intoxicating liquors, and were, at the time of the alleged trespass, kept by the plaintiff for the purpose of selling the same as a beverage, in violation of the statute for the suppression of intemperance ; that a certain other portion of the articles were barrels, kegs, and other vessels kept and used by the plantiff for the purpose of holding and measuring the liquors while thus unlawfully kept, and were at the time used by the plaintiff in the business of dram selling, in violation of the laws of the state ; which evidence was offered for the purpose of showing that the plaintiff could not recover for the trespass committed upon the premises in taking them. The plaintiff objected to the evidence and the court excluded it.

The defendant then offered the same testimony to show that the liquors and vessels had no legal value. The plaintiff objected to the admission of the evidence for this purpose, and the court ruled that the value of the liquors and vessels for lawful purposes only, could be considered by the jury in aggravation of damages.

It was claimed and proved by the defendant on the trial, that at the time of the alleged trespass he was a constable of the town of New Haven, lawfully elected and duly qualified, and that, as such constable, and by virtue of a writ of attachment placed in his hands for service, he attached the goods described in the declaration as the property of one Anthony, the defendant in the writ of attachment, doing no unnecessary damage in making the attachment. The plaintiff claimed, and offered evidence tending to prove, that he was engaged in the business of a grocer, and by means of the attachment of

the property, which was his stock of goods, he was broken up in his business, and he asked the court to charge the jury that if he was entitled to recover for the goods he was also entitled to recover, by way of aggravation of damages, for the injury he sustained in being broken up in his business. The defendant claimed, and asked the court to charge the jury, that if they found that the defendant was a duly qualified constable of the town, and as such, in pursuance of the precepts of a lawful writ of attachment, levied upon and took the property as the property of Anthony, the defendant in the writ, in good faith, without malice, and believing it to be the property of Anthony, he would be only liable, if at all, for the actual value of the property at the time it was taken, with interest to the time of rendering the verdict. The court did not charge the jury in accordance with the claim of the defendant, but instructed them that, if the defendant entered upon the premises of the plaintiff and took his goods, he must make the plaintiff good for all the actual injury he had sustained at his hands, resulting directly and naturally therefrom—that he must make full compensation.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for errors in the rulings and charge of the court. The defendant also moved for a new trial for a verdict against evidence.

*Doolittle* and *C. Ives*, in support of the motion.

1. The 27th section of the act of 1854, for the suppression of intemperance, which provides that no action of any kind shall be maintained in any court in this state for spirituous liquor, or the value thereof, except in cases where persons owning or possessing such liquor with lawful intent may have been illegally deprived of such liquor, is valid and constitutional. The acts of Maine and Massachusetts prohibited like actions without regard to the intent with which the liquor was held. Hence, when these acts were assailed, and claimed to be in contravention of that provision of the constitutions of those states which provides that every person shall have a remedy in court for an injury to his property, it was held in

*Preston* v. *Drew*, 33 Maine, 562, and in *Fisher* v. *McGirr*, 1 Gray, 46, that this generality of language should be limited and restrained to liquors held in violation of law. Therefore our legislature, in view of these decisions, limited the denial of legal remedy to those persons holding liquors with an unlawful intent. In view of this provision of the statute the court below clearly erred in ruling that the defendant could not prove the unlawful intent with which the liquors were held by the plaintiff, both as affecting the right to recover and in mitigation of damages. The value of the liquors depended upon their *status* at the time of the taking, and the evidence offered was admissible to enable the jury to determine what that *status* was. Upon the count *de bonis asportatis* no recovery could be had for the liquors unlawfully kept. *Lord* v. *Chadbourne*, 42 Maine, 429. *Preston* v. *Drew*, 33 id., 558. *Spalding* v. *Preston*, 21 Verm., 9. But it will be said that, by changing the form of action, the plaintiff has succeeded in evading the provisions of the statute, and that in the count *quare clausum* the gist of the action is the entry, and the removal of the liquor merely matter of aggravation. But a court of justice will never lend its aid to accomplish that indirectly, which the legislature has expressly forbidden it to do directly. The form must give way to the substance.

2. When a ministerial officer, acting in good faith in the discharge of his duty, takes property into the custody of the law, in order that the title may be judicially determined, his responsibility is limited to the value of the property taken. In such a case, the legal compensation which he is bound to make, if his claim is not well founded, has reference solely to the injury done to the property taken, and not to any collateral or consequential damages resulting to the owner by the trespass. It is a well-settled rule that in actions of trover and trespass for property taken and converted, where the defendant has taken it with no malicious motive, but under a claim of right, and the real dispute is as to the title, the rule of damages is the value of the property at the time of the taking, and interest on that sum to the time of the judgment. Hinman, J., in *White* v. *Webb*, 15 Conn., 305. *Pacific Ins.*

*Co.* v. *Conard,* 1 Baldwin, 138. *Conard* v. *Atlantic Ins. Co.,* 1 Peters, 386. *Conard* v. *Nicoll,* 4 id., 291. *Schindel* v. *Schindel,* 12 Maryl., 108. *Gilson* v. *Wood,* 20 Ill., 37. *Ely* v. *Schumacker,* 29 Penn. S. R., 40. *Campbell* v. *Woodworth,* 26 Barb., 648. *King* v. *Orser,* 4 Duer, 431. *Felton* v. *Fuller,* 35 N. Hamp., 226. *Boyd* v. *Brown,* 17 Pick., 453. *Brannin* v. *Johnson,* 19 Maine, 361. Sedgw. on Dam., 539.

3. The verdict was against the evidence.

*Blackman* and *C. R. Ingersoll,* contra.

1. The ruling of the court that evidence of the intent with which the liquors were held by the plaintiff was not admissible for the purpose of showing that the plaintiff could not recover for the trespass committed upon the premises in taking them, was manifestly correct. 1st. Even if the defendant's object in making the entry had been to destroy the liquors as a common nuisance, it would have afforded him no justification. Under the statute spirituous liquors are property, and entitled to protection as such, and even if they become a nuisance the only mode in which they can be lawfully destroyed is the one directed by the statute. *Brown* v. *Perkins,* Mass. Supreme Court, 22 Am. Law Rep., June, 1859, p. 98. But here the defendant does not set up as his justification that he entered upon the premises of the plaintiff for the purpose of abating a nuisance. On the contrary, his object confessedly was to appropriate the liquors as property. 2d. Nor does the statute relating to the sale of spirituous liquors prohibit a recovery of damages for the trespass committed in forcibly entering the premises or invading the possession of another for the purpose of making a wrongful seizure of liquors, however liable such liquors may be to forfeiture in the mode prescribed by the statute. The breach of the plaintiff's close is the gist of the action, and the taking away of the liquors is one of the aggravating incidents of the trespass. *Fisher* v. *McGirr,* 1 Gray, 46. *Breck* v. *Adams,* 3 id., 570. The gist of this action is the injury to the possession. 1 Chitty Pl., 177. The case of *Lord* v. *Chadbourne,* 42 Maine, was an action of trover, and all the decisions cited for its support by the judge giving the opinion

were in cases where the action was founded upon some illegal agreement to which the plaintiff was party. See *Phalen* v. *Clark*, 19 Conn., 432. 3rd. But if the statute has any further extent, and was intended to deny a legal remedy for an injury done to property, it is contrary to the provisions of the constitution of Connecticut. Conn. Const. Art. 1, sec. 12. *Brown* v. *Perkins*, cited above. 4th. The defendant, who, as an officer of the law, has attached these liquors *as property*, and so made return to the proper court, and sets up these facts in justification of his entry, should now be estopped from claiming to the contrary. 1 Greenl. Ev., § 210. *Freeman* v. *Walker*, 6 Greenl., 68.

2. The testimony offered by the defendant to show that the liquors and vessels had no legal value, was properly excluded. 1st. The statute nowhere declares that liquors, for whatever purpose kept, shall be of no legal value. On the contrary it provides (Sect. 14,) that even after a judgment of forfeiture " said liquors, if the same be fit to be sold for any lawful use, shall be sold for the benefit of the town where the same was seized." It indeed declares (Sect. 11,) that liquors kept in violation of the statute shall be deemed a nuisance and forfeited to the town, but it also prescribes the only mode by which the party claiming such liquors can legally be deprived of his property in them. 2d. But the ruling of the court on this point leaves the defendant nothing to complain of. The jury were told " that the value of the liquors and vessels for lawful purposes only, could be considered by them." *Coolidge* v. *Choate*, 11 Met., 79.

3. The direction to the jury on the subject of damages was the elementary rule in all actions of trespass. It could not have been laid down more favorably for the defendant. It was wholly immaterial that the defendant believed the goods to be Anthony's. The intentions of a trespasser, however innocent, will not prevent a recovery for the actual injury sustained. 2 Greenl. Ev., §§ 265, 266, 268, 270.

4. The verdict is not against the evidence.

ELLSWORTH, J. We are fully satisfied that the defendant

is entitled to a new trial, for errors in the rulings and charge of the court, and we do not find it necessary therefore to consider the motion for a new trial on the ground that the verdict was against the evidence. We are inclined to the opinion that the jury erred in finding that there was a *bona fide* sale of the goods by Anthony to the plaintiff, and a change of possession. These points may however wear a different aspect on another trial, should one be had, and we prefer therefore to confine ourselves to the consideration of the questions of law presented by the other motion.

The first count of the declaration is *trepass de bonis asportatis*, upon which the plaintiff, if he recovered at all, was entitled to recover damages at least to the value of the goods and interest. The second is trespass for breaking and entering the plaintiff's store, and carrying away the same goods. In this count the entry and the carrying away of the goods entered equally into the gravamen of the action, so that if the plaintiff had proved either, he was entitled to recover damages according to the proof. *Holly* v. *Brown,* 14 Conn., 255. *Havens* v. *Hartford & N. Haven R. R. Co.,* 28 id., 69.

This distinction is perhaps of no great importance in the present case, for whether the taking of the goods be considered a part of the gravamen of the action in the second count, or only matter of aggravation, the value of the goods would be recoverable in either case; and therefore it was only important that, in assessing the damages, the jury should have been rightly instructed as to the rule which they were to follow; which, we are constrained to think, was not done in this case.

And in the first place, since the case presented only a dispute about the title to the goods, whether they had been sold in good faith by Anthony to Oviatt or not, the jury should have been instructed that the plaintiff could recover for no more than their true and just value. This is the well-settled rule of law, both here and in other states, and is well stated by Hinman, J., in *White* v. *Webb,* 15 Conn., 305. He says, "In actions of trover and trespass for property taken and converted by the defendant, where there is no malicious

motive on his part, but the property is taken under a claim of right, and the real dispute is as to the title, the rule of damages is the value of the property at the time of the conversion and interest." The same rule is laid down in the case of *St. Peter's Church* v. *Beach*, 26 Conn., 355. See also Sedgwick on Damages, p. 539, and the cases cited in the argument, which we need not dwell upon.

We are not altogether certain what rule the judge intended to give to the jury ; and this uncertainty of the charge, if there were nothing more, would dispose us to grant a new trial. The defendant had claimed the rule to be as we have stated, while the plaintiff had claimed it to be much broader, and sufficient to entitle him to recover, if at all, not merely the value of the goods and interest, but such damages as he had sustained in being broken up in business. The judge met these respective claims, not only by omitting to instruct the jury in conformity to that of the defendant, thus leaving them to infer that the defendant was wrong in his claim, but he told them that the defendant must make the plaintiff good for all the actual damage he had sustained at his hands resulting directly and naturally from the injury, which was so indefinite that the jury were left to adopt the rule claimed by the plaintiff, if they thought the breaking up of the plaintiff's business was an actual injury so resulting, and to give any sum in damages which did not exceed the entire loss which the plaintiff had sustained.

Another important question made was as to the character or *status* of the liquors kept in the plaintiff's store ; whether they were such that damages could be recovered for their destruction or conversion. The defendant claimed that they were kept for sale by the plaintiff contrary to law, and had accordingly no value at all in the eye of the law, and referred to the statute in support of his claim, which is in these words:— " Nor shall any action be maintained for the *recovery* or *possession* of spirituous or intoxicating or mixed liquors, or the *value thereof*, except in cases where persons owning or possessing such liquor with lawful intent, may have been illegally deprived of such liquor." The plaintiff contended that the

character or *status* of the liquors had nothing to do with the issue on trial, and that he was entitled to recover for them in damages, although he was keeping them for sale contrary to law. We think the plaintiff should not have been sustained in this claim, and that the statute is decisive against his recovery for the liquor, though he might recover for the breaking of his close.

Something has been said about the unconstitutionality of this provision of the act, but the objection was not pressed with much confidence and most certainly is entitled to little weight. All property is the creature of the law, either the common or the statute law, and must, in its existence and enjoyment, be subjected to the policy and provisions of the law. Why then may not the legislature enact that deleterious articles, such as spirituous liquors, or poisonous drugs, shall not be kept indiscriminately for sale as a beverage or as merchandise, and if they are, that they shall be considered a nuisance, not to be protected by law, but to be forfeited and destroyed ? Such legislation involves no new or dangerous principle, but one that is applied in every well-regulated community or government, and there is no sensible and upright citizen who will question this power, whatever may be his opinion as to the exercise of it in any particular instance. Why, we ask, may not the legislature promote and protect the health, prosperity and happiness of the people by enactments of beneficent prevention ? This is all that has been done or attempted in this case, and in my judgment these results would have been attained to a great extent under this statute if it had in its various provisions been faithfully administered and thoroughly enforced ; but unfortunately the appetite for liquor on the one hand, and the appetite for gain on the other, have opposed themselves too formidably to its enforcement; and so the statute has become almost a dead letter, and would become entirely so perhaps, did not some towns in the state present a praiseworthy exception to the general rule. To find fault with such a law is to complain of imprisonment or suffering for crime in any case, and of any restraints upon the passions and appetites of men found necessary for the peace and safety

of society. We repeat, there is no such thing as an absolute right of property in society, or an absolute right to the enjoyment of it irrespective of the rights of others. As an illustration of such restriction we may notice that counterfeiting is a crime, and the tools used in carrying it on are forfeited; so of gambling and the cards used in it ; so of horse-racing, smuggling, dealing in lottery tickets, and fishing on forbidden days, and the like. The appliances used are all forfeited, or, if not forfeited, it is universally admitted that they might be, as the proper mode of preventing a repetition of the offences. Indeed, the power to punish by fine, penalty, imprisonment or death, is of the same preventive character, its object being to prevent crime by punishing the guilty and thereby deterring others from like acts. Now I know of but few offenses of a more aggravated character than the keeping a groggery to deal out, daily and hourly, destructive liquors, or any offense which more deserves penalties, confiscations and outlawry.

The character and constitutionality of laws of this nature have been much discussed in the courts of this country, as may be seen by reference to the cases cited on the argument of this cause ; but none of the decisions support a doctrine inconsistent with that which we have stated ; and some of them most directly and positively declare the same principle. We would refer particularly to the cases of *Lord* v. *Chadbourn*, 42 Maine, 429, and *Preston* v. *Drew*, 33 id., 558, where the statute under consideration was just like our own, and to that of *Spalding* v. *Preston*, 21 Verm., 9. The case of *Brown* v. *Perkins*, Mass. Supreme Ct., April Term, 1859, when examined will be found to contain nothing inconsistent with this doctrine.

If this view is correct, it follows that the evidence offered by the defendant should have been received in both instances, as a complete answer to any claim for the liquors on both counts of the declaration.

Perhaps we do injustice to the judge below by assuming that he held the law to be different from what we have stated it to be, for he ruled that the jury might consider the liquors of value only for lawful purposes. This however is quite too general and indefinite, leaving the jury to say what were the

lawful purposes which might thus give them value. Besides, if the liquors were on sale contrary to law they had no value, and no damage could be recovered for seizing them without altogether repealing the statute itself. The idea which the judge seemed to entertain, that the liquors, while kept contrary to law, were worth something to carry out of the state, or to sell to town agents, or to present to friends, or to be drunk by the owner, and that these imparted to them a value, which it was for the jury to estimate, is one that can not be sustained. Such a value would exist in every case, and, if allowed to be considered, would most effectually repeal the provisions of the statute; for, under the latitude of such a rule, the jury might feel that they were authorized to give the full value of the liquor, deducting a reasonable charge for the freight of it to New York, where it could be sold for a market value. The idea seemed to be that the liquor, though kept for sale in New Haven contrary to law, was worth something in Connecticut. This can not be. It was worth nothing here, since it was kept contrary to our law, and for that reason was by statute put expressly out of the protection of the law. Under the circumstances there could be no " lawful purposes " in relation to it to give it any value. It should have been pronounced, as matter of law under the statute, *entirely worthless*. Being kept for this particular unlawful purpose, it could not be treated as having a value for some other purpose, and so the court should have told the jury.

We therefore advise a new trial.

In this opinion the other judges concurred.

New trial advised.