## THE STATE vs. SAMUEL G. STANTON'S LIQUORS.

The act relating to taverns and spirituous liquors (Gen. Stat., p. 690) is not repugnant to the fourteenth amendment to the constitution of the United States.
Where, on a complaint for the seizure and confiscation of liquors claimed to be kept for sale in violation of the provisions of such act, the jury returned a verdict that such liquors "were kept for sale in violation of the act of 1854 relating to the manufacture and sale of intoxicating liquors," it was held, overruling a motion in arrest, that, the act of 1854 having been re-enacted *totidem verbis* in the revised statutes of 1866, although under another name, the language of the verdict sufficiently pointed out the statute which the jury intended to find that the defendant had violated.

COMPLAINT under the 22d, 23d, 24th and 25th sections of the act relating to taverns and spirituous liquors, for the seizure and confiscation of liquors claimed to be kept for unlawful sale; brought before a justice of the peace and appealed by

Samuel G. Stanton, who claimed to be, and appeared before the justice as, the owner of the liquors, from a judgment of confiscation by the justice to the Superior Court in New London county. In the Superior Court the jury returned a verdict that "the liquors claimed by the appellant were when seized kept for the purpose of being sold in violation of the act of 1854 relating to the manufacture and sale of intoxicating liquors." The appellant filed a motion in arrest of judgment, and the questions arising on the motion were reserved for the advice of this court.

*Wait* and *Pratt,* with whom were *Lippitt* and *Converse,* in support of the motion.

*Chadwick,* State Attorney, and *Halsey,* with whom was *Brandegee,* contra.

PARK, J. The defendant claims that the clause in the fourteenth amendment to the constitution of the United States which declares, "That no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," is in conflict with the act on which the proceedings in this case are based, and the statute is therefore unconstitutional and void.

Previous to the adoption of this amendment, in the celebrated license cases reported 5 How., 504, Chief Justice TANEY says, "And if any state deems the retail and internal traffic in ardent spirits injurious to its citizens, and calculated to produce idleness, vice, or debauchery, I see nothing in the constitution of the United States to prevent it from regulating or restraining the traffic, or from prohibiting it altogether if it thinks proper." "Neither is it in conflict with the acts of Congress prohibiting the carrying on of the business without a license. These acts convey no authority to the licensee to carry on the licensed business within a state contrary to the state prohibition." In the same cases Judge McLEAN says, "The license acts of Massachusetts do not purport to be a regulation of commerce. They are essentially police laws."

State *v.* Stanton's Liquors.

" The acknowledged police power of a state extends often to the destruction of property." Judge GRIER says, " It has been frequently decided by this court that the powers which relate merely to municipal regulations, or what may more properly be called internal police, are not surrendered by the states, or restrained by the constitution of the United States; and that, consequently, in relation to these the authority of a state is complete, unqualified, and conclusive." * * * " It is not necessary for the sake of justifying the state legislature now under consideration, to array the appalling statistics of misery, pauperism and crime, which have their origin in the use or abuse of ardent spirits. The police power, which is exclusively in the states, is alone competent to the correction of these great evils, and all measures of restraint, or *prohibition*, necessary to effect the purpose, are within the scope of that authority. There is no conflict of power or of legislation as between the states and the United States." The same court in the license tax cases reported 5 Wall., 462, decided that a license granted by the authorities of the United States to a party to traffic in spirituous liquors, did not protect him in a state where the traffic was unlawful by the laws of the state.

Such was the law previous to the adoption of the amendment. The states had control of the traffic of ardent spirits. It was among their reserved rights to pass what laws they pleased on the subject ; and it can hardly be supposed that the amendment was intended to revolutionize the state of things thus existing, and transfer all control of the subject from the states to the general government. The defendant relies upon the case of *The Live Stock Dealers' & Butchers' Association* v. *The Crescent City Live Stock Landing & Slaughter House Co.*, reported in the October number of the American Law Review for the year 1870, page 171. The Circuit Court of the United States for the District of Louisiana in that case held, that a statute of the state which granted to the defendants a monopoly of the stock landing and slaughter house business for the period of twenty-five years, was repugnant to the fourteenth amendment of the constitution of the

United States, and was therefore void. The court dwell upon the fact that the business in which the monopoly was created was lawful, and useful to be pursued ; and that the petitioners were willing to comply with all needful police regulations in regard to it that the legislature might see fit to impose. In considering the question whether the law could be regarded as a police regulation the court say, " The legislature has an undoubted right to make all police regulations which they may deem necessary (not inconsistent with constitutional restrictions) for the preservation of the public health, good order, morals and intelligence." * * * " So far as the act of the legislature of Louisiana is a police regulation, it is of course entirely within its power to enact it." We have seen that the Supreme Court of the United States have, decided that a state law regulating or restraining the traffic of ardent spirits, or prohibiting it altogether, is merely a police regulation. It follows then that the authority relied upon does not aid the defendant; and we are satisfied that the law in question is not repugnant to the fourteenth amendment.

It is further claimed that judgment should be arrested, because the jury have found by their verdict that the liquors were kept " for the purpose of being sold in violation of the act of 1854 relating to the manufacture and sale of intoxicating liquors." The claim is that the statute of 1854, commonly known as the Maine Law, was repealed by the revised statutes of 1866, and that, consequently, no proceedings can now be sustained founded upon it. The whole proceedings in the case down to the verdict of the jury are based upon the act found in the revised statutes of 1866, entitled "An act relating to taverns and spirituous liquors." So much of the act as relates to these proceedings, and on which they are based, was first enacted at the May session of the legislature in the year 1854. It was copied and incorporated by the revisers into the statutes of 1866 *totidem verbis*. It was simply re-enacted at the time the revised statutes took effect, so that, if it was in form repealed by those statutes, there has not been an instant of time since its first enactment that it has not been in force. It was rather continued by the re-

vised statutes. Under these circumstances it may properly be called the act of 1854; for it then had its origin, and has been in life ever since, though now called by another name. It is generally known as the act of 1854, and in common parlance is so called.

There can be no doubt therefore what statute now existing the jury intended to find that the defendant had violated. The language quoted from the verdict was used merely as descriptive of the statute, and if the description is sufficient to point out the statute beyond all reasonable doubt on the subject, it is sufficient.

We think it does, and on the whole case we advise the Superior Court to overrule the motion in arrest.

In this opinion the other judges concurred.