### STATE *vs.* MICHAEL BUCKLEY AND ANOTHER.

The act of 1872 imposes a penalty on every person who shall keep a place where it is reputed that intoxicating liquors are kept for sale, without having a license therefor. Held to be sufficient that the place was reputed to be one where intoxicating liquors were kept for sale, and not necessary that it be reputed that they were kept for sale without a license.

In a prosecution under this act the accused claimed that the act was unconstitutional, and asked the court to charge the jury that they were judges of the law as well as of the facts. The judge instructed the jury that in a criminal case they were judges of the law as well as of the facts, but that they were under the same obligation in the matter with the judge on the bench, and were not authorized to say that that is not law which is so; that the Supreme Court had decided the act to be constitutional, and that in his opinion it was constitutional; that if they decided that to be unconstitutional which the Supreme Court had decided to be constitutional, they would disturb the foundations of law; but that, after all, they were judges of the law, and if on their consciences they could say that the act was unconstitutional they ought to acquit the accused. Held, on motion of the accused for a new trial, that the charge was correct.

By statute the jury are made the judges of the law in criminal cases, but not in any such sense that they are at liberty to disregard the law. They are to enquire what the law is, and where their judgment is satisfied, the law as thus ascertained is binding upon them, and should be their guide, whether it is or is not as they may think it ought to be.

INFORMATION to the Superior Court in Litchfield County, for a violation of the act of 1872, which provides that " every person who shall keep a house, store, shop, saloon, or other place, where it is reputed that spirituous or intoxicating liq-

uors, ale, or lager beer, are kept for sale, without having a license therefor, shall be punished, etc. ;" tried to the jury on the plea of " not guilty," before *Minor, J.* Verdict " guilty," and motion for a new trial by the defendants. The case is fully stated in the opinion.

*W. W. Eaton* and *E. W. Seymour,* in support of the motion.

*Foster* and *Fenn,* contra.

Carpenter, J. This motion presents two questions. The first relates to the construction of the act on which the prosecution is brought. The defendants' counsel asked the court to charge the jury that the state must prove that the place kept by the defendants was a place in which it was reputed that spirituous liquors were kept for sale ; and also, that it was reputed that such liquors were kept for sale without a proper license therefor. The court declined to comply with the last request, and charged the jury otherwise. The instruction given was entirely correct. The manifest intention of the legislature was to prohibit any person, *not having a license,* from keeping a place in which it was reputed that spirituous, or intoxicating liquors, etc., are kept for sale. That is the obvious meaning of the language of the act, and it would be a forced and unnatural construction to hold that the reputation must extend beyond the matter of keeping for sale, and negative a license.

The other question arises from the charge to the jury.

The defendants claimed that the act under which they were prosecuted was unconstitutional and void. The court submitted that question to the jury, telling them that they were the judges of the law as well as of the facts. The court then added as follows :—" But the jury are the judges of the law under the same obligations that attach to the judge on the bench ; they are not authorized to say that that is not law which is the law of the state. The Supreme Court has decided that section to be constitutional. The judges of that

court are selected for their learning in the law. Will you say it is unconstitutional, when they say it is constitutional? The next case to be tried may be a civil case, the law applicable to which may have been decided by the same Supreme Court; you would not suffer your private views and interests to influence you to disregard the law thus decided. Neither have you anything to do with the policy of the law; that belongs to the legislature which enacted it. The court also says to you that in its judgment the section of the statute, upon which this prosecution is founded, is constitutional. If you decide that to be unconstitutional which the Supreme Court holds to be constitutional, you will disturb the foundations of law. But after all, you are the judges of the law, and if on your consciences you can say this section is unconstitutional, then you ought to acquit the accused."

The defendants now claim that the court, in so charging, infringed upon the province of the jury. Our statute on that subject is as follows:—"The court shall state its opinion to the jury, upon all questions of law arising in the trial of a criminal cause, and submit to their consideration both the law and the facts, without any direction how to find their verdict." This statute makes the jury the judges of the law, but not in the sense in which it is sometimes claimed. They are not the judges of the law in such a sense that they are at liberty to disregard it; nor are they in any case at liberty to set aside the law, and substitute for it something else which suits their prejudices or caprices better. Neither are they at liberty, if the law applicable to the case does not meet their approval, to make law for the occasion. But they are to inquire what the law is; and when their judgment is satisfied, the law, as thus ascertained, is binding upon them, and should be their guide, whether it is or is not as they think it ought to be. The jury were well told that they were the judges of the law under the same obligations that attach to the judge on the bench. "No one is wiser than the law," and we may add that no jury, however capable and intelligent they may be, are wiser than the law. The judge, and jury, and all concerned in the administration of justice, are equally

State *v.* Buckley.

bound by the law. In that way, and that alone, can persons and property be reasonably protected. In that way, and that alone, will justice be impartially administered. Any other theory, if practically carried out, will sap the foundations of the government, and render uncertain and capricious the administration of criminal law. A guilty man will escape through the sympathies of the jury, while the innocent will be convicted by reason of their prejudices; and what governs one panel as law, will be repudiated by another.

We cannot see that the judge on this trial violated these principles. On the contrary, he seemed to appreciate their importance. He evidently had strong convictions upon the question, and sought to impress those convictions upon the minds of the jury. He referred to the statute, to what was understood to be the decision of the Supreme Court in another case, and to his own opinion. Thus the jury could see that there were in favor of the constitutionality of the law, the wisdom and judgment of the legislature, the decision of the Supreme Court, and the opinion of the presiding judge; and that they could only declare it to be unconstitutional by assuming to be superior in wisdom to all these.

The reference to the principles governing in civil cases was evidently by way of illustration. The jury could not have understood that they were bound by the opinion of the court as in civil cases, for at the close they were distinctly told that they were the judges of the law, and that if they conscientiously believed that the act was unconstitutional they ought to acquit the accused.

We do not advise a new trial.

In this opinion the other judges concurred.