## STATE *vs.* MASON P. GRAY.

New London Co., May T., 1891.   ANDREWS C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

It is provided by Gen. Statutes, § 3048, that the term "spirituous and intoxicating liquors," as used in the statute forbidding their sale without a license, shall be held to include " all mixed liquors of which a part is spirituous and intoxicating." Held to apply to compounded medicines of which a part was spirituous liquor, prepared and sold by a druggist.
And held that a license as a pharmacist would not cover the sale of such medicines, and that a license to sell liquors was also necessary.
Section 3087, of Gen. Statutes, forbids the sale of liquor without a license, and § 3067 provides that the granting of a license for its sale to a druggist shall be discretionary with the county commissioners. Held that the construction of these statutes which makes them applicable to a licensed pharmacist, does not render them unconstitutional, as violating the 9th section of the first article of the state constitution, or the 14th amendment of the United States constitution, which forbid the taking away of property without due process of law.
The discretion which the county commissioners are to exercise is not to be exercised arbitrarily, and such exercise of it is not to be presumed.

Argued May 26th,—decided June 19th, 1891.

COMPLAINT by a prosecuting agent for the sale of spirit-

uous and intoxicating liquors by the defendant without a license from the county commissioners; brought originally before a justice of the peace and appealed by the defendant to the Criminal Court of Common Pleas in New London County, and tried to the jury in that court before *Crump, J.* Verdict ": guilty," and appeal by the defendant for error in the charge of the court and in refusing to charge as requested. The case is fully stated in the opinion.

*S. H. Thresher*, for the appellant.

1. The court below erred in not charging the jury as requested, that if they found that the defendant had only kept liquors to be used in compounding medicines and in dispensing the prescriptions of physicians, they should acquit him. This court has said: — "The term spirituous and intoxicating liquors has a well understood meaning. Even as defined and enlarged by statute it embraces not a large number of liquids." *State* v. *Teahan*, 50 Conn., 100. We submit that no authorities can be adduced tending to show that liquids, spirituous or intoxicating in their nature, when compounded with drugs or chemicals for use as medicine, or in commerce, or the arts, still preserve their identity *as spirituous or intoxicating liquors.* It is against the common reason of mankind. In the states where absolute prohibition has prevailed, an exception has been made of liquors sold or used for sacramental, medicinal, mechanical and chemical purposes; and this exception is founded upon the highest reason. Such are the laws of Maine, Iowa and Kansas. See also *Wynehamer* v. *The People*, 13 N. York, 433.

2. The legislature did not intend to apply the provisions of § 3087 of the Gen. Statutes to a licensed pharmacist. "These laws are looked upon as police regulations, for the prevention of intemperance, pauperism and crime." Cooley's Con. Lim., 728. The profession of a pharmacist is beneficent in its nature, supplementing that of the surgeon and physician, and promotive of the health, good order and welfare of the community. To bring it within the operation of this statute would be to reduce it to the level of dram-

selling, for the regulation of which traffic our laws relating to intoxicating liquors have been enacted. *State* v. *Thomas*, 47 Conn., 551.

The act with regard to pharmacists, (Gen. Statutes, § 3121,) provides that "no person shall conduct or keep a shop, store or place of any kind for retailing drugs, *medicines,* or such chemicals as are used in compounding medicines, *or compound or dispense prescriptions of a physician,* or vend medicines or poisons, unless he shall have been licensed therefor as hereinafter provided." The applicant for a license must submit to a personal examination by the commissioners of pharmacy. The license shall specify the name of the person licensed, the date when granted, and the place where the business is to be conducted, and is required to be conspicuously exhibited in his place of business, and, upon application for its renewal, the applicant is required to establish his right thereto by such evidence as shall be satisfactory to the commissioners of pharmacy. A fee is required to be paid by the person licensed, penalties are prescribed for any violation of the law, the commissioners are empowered and required to examine into all cases of alleged abuse, fraud and incompetence, and to cause the prosecution of persons not complying with the provisions of the law; and police and city courts and justices of the peace are given jurisdiction to hear and determine prosecutions. Gen. Stat., §§ 3123 to 3132. We submit that the plain construction of the language of these statutes is, that the appellant, having complied with all their provisions and having received a license from the state to pursue the business of pharmacy, is entitled to do so ; and is not to be deprived of his property because of any action of the county commissioners in refusing to grant him a druggist's license for the sale of liquors; for it is conceded, and the record shows, that it is impossible to conduct the business without the use of spirituous or intoxicating liquors. Section 3064 of the Gen. Statutes, governing the granting of druggists' licenses to pharmacists doing business in " no-license " towns, was clearly mandatory in its provisions, and any pharmacist might, upon exhibiting

his license and upon payment of the specified fee, receive his druggists' license as a matter of right. We claim that in enacting the law of 1886, found in § 3067, the legislature did not intend to take away or vary this right. *La Croix* v. *County Commissioners*, 49 Conn., 591. A different construction would result in reducing a license granted to the appellant, to pursue a lawful occupation, to a mere naked permission to apply to the county commissioners for leave to conduct his business, and leave the matter to their arbitrary will, with no right of appeal from their decision. Bouvier's Law Dic., "*Discretion;*" *In re Christensen*, Cir. Court, North Dist. of California, Opinion of SAWYER, J.; *State* v. *Gregory*, 47 Conn., 276.

3. If it was the intent of the legislature that §§ 3067 and 3087 should apply to a licensed pharmacist, these laws are clearly in violation of the constitution of this state, art. 1, sec. 9, and of the 14th amendment of the United States constitution. That a citizen may be deprived of his " property " in a given thing, in the highest sense of the term, without the actual seizure or destruction of the chattel itself, is well settled law. " Property " is defined as " the right of any person to possess, use, enjoy and dispose of a thing." Bouvier's Law Dic.; Webster's Dic. " A man may be deprived of his property, therefore, without its being seized or physically destroyed or taken from his possession. Whatever subverts his rights in regard to it, annihilates his property in it. *Wynehamer* v. *The People*, 13 N. York, 433 ; *State* v. *Wheeler*, 25 Conn., 292. Was this property taken by " due course " or "process " of law? for they are synonymous terms. We submit that it clearly was not so taken. For a true definition of the term, Judge Cooley quotes, with approval, from an opinion of Mr. Justice JOHNSON, of the Supreme Court of the United States, as follows :—" As to the words from Magna Charta, * * * after volumes spoken and written with a view to their exposition, the good sense of mankind has at length settled down to this, that they were intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the

established principles of private rights and distributive jus-
tice." Cooley's Con. Lim., 440, and note 1 ; id., 438, and note
1 ; *Bank of Columbia* v. *Okely*, 4 Wheat., 235; *Westervelt* v.
*Gregg*, 12 N. York, 209 ; *Wynehamer* v. *The People*, 13 id.,
378, 388, 394, 454. While the legislature has the undoubted
right, as was said by this court in *State* v. *Stanton's Liquors*,
38 Conn., 236, to make all police regulations which they may
deem necessary, and, with regard to the *liquor traffic*, may reg-
ulate, to the extent of actual prohibition, the sale of ardent
spirits, without coming in conflict with the 14th amendment;
yet in this case we claim that the regulation by the legislature,
of the traffic in which the appellant is engaged is fully com-
prised in the pharmacy laws of this state ; and that any at-
tempt to go beyond its provisions, and to apply § 3067, to
pharmacy, is directly in violation of the amendment, which
" has come to be another bill of rights, fitted for all time,
and adapted to meet every emergency affecting the civil
liberty of the citizen." *Yick Wo* v. *Hopkins*, 118 U. S. R.,
356 ; *In re Christensen, supra*, and note on same by Mr. C.
H. Childs, and authorities there cited, in Am. Law Reg.,
March, 1891 ; *City Council* v. *Ahrens*, 4 Strobh., 241. It
can be said truthfully of § 3067, as was said by Judge
SAWYER in *In re Christensen*,—" The fact that it permits ar-
bitrary discriminations and abuses in its execution, depend-
ing upon no conditions or qualifications whatever other than
the unregulated arbitrary will of certain designated persons,
is the touchstone by which its validity is to be tested." The
absence of these conditions and qualifications in the act in
question renders it unconstitutional and void.

*S. Lucas*, State's Attorney, *contra*.

FENN, J. The accused, having been convicted upon a
complaint charging him with the unlawful keeping for sale
and with the selling of spirituous and intoxicating liquors,
appealed to this court. Upon the trial in the court below
it was admitted that he was a duly licensed pharmacist, and
that he did not have a druggist's license from the county

commissioners, having applied for one and been refused. The accused admitted that he kept spirituous and intoxicating liquors, and used them in compounding medicines, but denied that he sold any uncompounded on physician's prescriptions. The state claimed that he had so sold. The accused also offered the evidence of two licensed pharmacists, which was not contradicted by the state, that the business of a pharmacist could not be conducted without the use of spirituous and intoxicating liquors. The accused asked the court, in substance, to charge the jury:— First, that the keeping of liquors to be used in compounding medicines and in dispensing the prescriptions of physicians, was not illegal; second, that the legislature did not intend to apply the provisions of section 3087 of the General Statutes to a licensed pharmacist; third, that the state, having licensed the accused to pursue his business as a pharmacist, the board of commissioners could not by their action deprive him of the right to pursue that business in all its branches; fourth, that sections 3067 and 3087 of the General Statutes are unconstitutional.

The court did not so charge the jury, but did charge them in substantial opposition to each of these claims, and said:— " If it is necessary, as witnesses have testified, that a man should use liquors in compounding medicines in this state, and cannot practise the business of a druggist without it, then the law makes it a prerequisite to obtain not only a license from the board of pharmacy, but also from the county commissioners."

We will very briefly consider each of the requests made by the accused. Under the first it is asserted that " liquors, spirituous or intoxicating in their nature, when compounded with drugs or chemicals for use as medicine or in commerce or the arts, do not preserve their identity as spirituous or intoxicating liquors; it is against the common reason of mankind." We think, however, that since it is according to the " common reason of mankind " that such liquors may, and as dispensed by unlicensed druggists generally do, preserve their effect, the legislature, mindful of the mischief,

has supplied the remedy and continued the identity, since General Statutes, § 3048, provides that the term shall include, not only "all mixed liquors," but also "all mixed liquor of which a part is spirituous and intoxicating."

The second claim, that the legislature did not intend to apply the provisions of section 3087 of the General Statutes to a licensed pharmacist, is groundless. It is admitted that such a construction as is contended for would be contrary to the letter of the statute. It needs no admission to show that it is equally contrary to its spirit. Such a claim could hardly have been seriously made.

The third request is also untenable. It is indeed provided in Gen. Statutes, § 3121, that no person shall act as a druggist or pharmacist unless he shall have been licensed therefor; but if, having obtained such license, he finds it necessary to the conduct of such business to deal in articles, the traffic in which the state, in the exercise of its undoubted police powers, may regulate even to the extent of actual prohibition, he is under the same obligation as every other citizen of the state to comply with such regulations. The accused does not indeed deny this, but says that "the regulation by the legislature of the traffic in which the appellant is engaged is comprised in the pharmacy laws of this state." But both laws stand upon the statute book together, and are to be construed together, and the language used by the court, in the charge to the jury which we have quoted, is correct.

The remaining request relates to the constitutionality of sections 3067 and 3087 of the General Statutes. It is claimed that the former of these sections violates the fourteenth amendment of the constitution of the United States. Indeed, it is said that both sections violate that provision, and also that of the constitution of this state, art. 1, sect. 9. The argument is that the appellant "is deprived of his property and means of livelihood because of the arbitrary exercise of the discretion given to the county commissioners by section 3067." But no one can have property in that which the law for good cause declines to recognize as such. The

language of ELLSWORTH, J., upon this subject, in delivering the opinion of this court in *Oviatt* v. *Pond*, 29 Conn., 487, is apt and exhaustive.

Nor does the constitution recognize that a man shall have the inviolate right to a means of livelihood, the exercise of which will deprive others of their means of livelihood, and bring shame, disgrace and ruin upon the community. Such a contention is not to be tolerated. Neither does the statute contemplate the arbitrary taking away of any right. The law prohibits the sale of intoxicants without a license. The granting of the license, therefore, confers a right which previous thereto did not exist. If the granting of the license was itself a matter of right, it would add no sanction, no safeguard, to require it at all. If not a matter of right it must be a matter of discretion, vested somewhere, not indeed to be exercised arbitrarily, for that would not be discretion, and that is not to be presumed. Unless the law is to look with imputation of evil upon its own necessary agencies, there is and can be no possible point to the appellant's contentions. Indeed, although section 3067 is of recent enactment, there has no claim been presented by the appellant concerning the constitutionality of the law that has not already been anticipated and answered, so far as the principles involved are concerned, not alone by the courts of other states, and by the highest federal tribunal, but by the previous decisions of this court. *Oviatt* v. *Pond*, 29 Conn., 479; *State* v. *Stanton's Liquors*, 38 Conn., 233; *State* v. *Buckley*, 40 Conn., 246; *State* v. *Wilcox*, 42 Conn., 364; *La Croix* v. *County Commissioners*, 49 Conn., 591, and 50 Conn., 321.

There is no error in the judgment appealed from.

In this opinion ANDREWS, C. J., and CARPENTER and SEYMOUR, Js., concurred. TORRANCE, J., dissented.