After a trial to the court, the defendant was found guilty of violating 9-348b (c) of the General Statutes[1] which provides, in part, that "a candidate shall not serve as his own *Page 675 
campaign treasurer, deputy principal campaign treasurer or principal campaign treasurer." The defendant has appealed his conviction.
At the trial and on this appeal the defendant has represented himself. It is an established policy to be solicitous of the rights of pro se litigants and, when it does not interfere with the just rights of other parties, to construe liberally our rules of practice to provide pro se parties with an opportunity to be heard. Connecticut Light Power Co. v. Kluczinsky,171 Conn. 516, 519-20. Nevertheless, the Practice Book cannot be ignored completely. Id., 520. In his appeal the defendant has assigned numerous errors. Because the defendant did not request a finding, we can consider only those errors which are apparent on the face of the record. Practice Book, 1963, 567A.
Essentially, in his appeal the defendant raises five principal claims: (1) that his arrest and the proceedings subsequent to it were invalid, primarily because 9-348b (c) is unconstitutional; (2) that he was denied representation by "counsel" of his choice; (3) that the court failed to consider his claims of law; (4) that he was denied the right to trial by a jury of twelve; and (5) that he was denied the right to have a jury determine "both the law and the facts" of his case.
It has long been recognized that the states enjoy broad power to regulate the manner of elections, especially state and municipal elections. Bullock v. Carter, 405 U.S. 134, 141; Smith v. Allwright, 321 U.S. 649, 657; Newberry v. United States, 256 U.S. 232, 258. "Neither the right to associate nor the right to participate in political activities is absolute . . . ." United States Civil Service Commission v. National Assn. of Letter Carriers,413 U.S. 548, 567. Although access to the ballot must *Page 676 
be genuinely open to all, it is subject to reasonable regulation. Lubin v. Panish, 415 U.S. 709,716. This is particularly true regarding the regulation of frivolous candidacies; Jenness v. Fortson, 403 U.S. 431, 442; and of acts which may be improper or corrupt. Buckley v. Valeo, 424 U.S. 1,27.
Section 9-348b is part of Connecticut's corrupt practices act. General Statutes, c. 150. A purpose of the act is to regulate the solicitation and receipt of campaign contributions and the making of expenditures. Similar laws are found in practically every state and in the federal statutes. 26 Am.Jur.2d, Elections, 287. Section 9-348b (c), attacked by the defendant, does not allow a candidate to serve as his own campaign treasurer.
There is no merit to the defendant's argument that 9-348b (c) violates the privileges and immunities clause of the United States constitution. The privilege to run for office is conferred by the individual states and may be conditioned by the states. The privileges and immunities clause protects only those privileges and immunities "that arise from the Constitution and laws of the United States and not those that spring from other sources." Breedlove v. Suttles, 302 U.S. 277, 283.
The defendant also argues that 9-348b (c) discriminates against candidates who are not affluent or who belong to minor parties. To support a claim of invidious discrimination, there must be record evidence that the statute in fact discriminates against the challenger; Buckley v. Valeo, 424 U.S. 1, 31; or the statute must be shown to have a "real and appreciable impact on the exercise of the franchise," triggering strict scrutiny of its provisions. Bullock v. Carter, 405 U.S. 134, 143-44. The burden of establishing unconstitutionality rests on the defendant. Karen v. East Haddam, 146 Conn. 720, *Page 677 
726. On the face of the record in this case, there is no evidence that the statute in fact discriminated against the defendant. Moreover, the statute's restriction on the manner in which a candidate must conduct his campaign does not have any real or appreciable impact on voters. The statute does not impinge on the privilege of running for elective office and it does not impinge on the rights of voters and candidate's to engage in political debate. In fact, 9-348b (c) serves the basic governmental interest in protecting the integrity of the campaign process; see Buckley v. Valeo, 424 U.S. 1, 58; and it does so through rational means in requiring things that are reasonably necessary to the accomplishment of legitimate state objectives.
Section 9-348b (c) is constitutional. The warrant application in the record clearly reveals that there was probable cause for the defendant's arrest for violating 9-348b (c). The proceedings subsequent to the defendant's valid arrest were also valid.
The defendant also claims that the court erred in denying his motion for assistance of counsel. The defendant's choice of "counsel" was an individual who is not licensed to practice law in this state. Under our statutes, no person who has not been admitted as an attorney by the Superior Court can appear in any court as an attorney. General Statutes 51-80, 51-88.
Historically, the primary authority to regulate the practice of law before state courts has reposed in the states. Goldfarb v. Virginia State Bar, 421 U.S. 773, 792. State courts possess the "inherent power to regulate who shall practice law before them . . . ." Silverman v. Browning,414 F. Sup. 80, 88 (D. Conn.). Although a defendant in a criminal case has the right to waive the assistance of counsel and appear pro se; Faretta v. California, *Page 678 422 U.S. 806, 816; there is nothing in thesixth amendment which requires a state court to recognize an unlicensed individual as a defendant's counsel. Turner v. American Bar Assn., 407 F. Sup. 451, 474
(N.D. Texas). Accordingly, the trial court did not err in denying the defendant's motion.
The defendant's third contention is that the court failed to hear his claims of law regarding the constitutionality of 9-348b (c). From the record on this appeal there is no way to determine that the trial court did not consider the defendant's arguments. Nevertheless, even if we accept the defendant's contention, any error on the part of the trial court here is rendered harmless by our consideration of the defendant's constitutional claims above.
The defendant's final claims are that he was denied the right to be tried by a jury of twelve and that he was denied the right to have a jury determine the law and the facts of the case. Although the record reveals that the defendant withdrew his election to be tried by a jury and instead elected to be tried by the court, we will discuss his claims briefly.
Neither the federal constitution nor the Connecticut constitution requires a jury of twelve in criminal cases. Williams v. Florida, 399 U.S. 78,102-103; State v. Olds, 171 Conn. 395, 408. Under General Statutes 54-82, a jury of six is mandated in all criminal cases except where a person is charged with an offense which is punishable by death or life imprisonment. The defendant had no right to a trial by a twelve-member jury in this proceeding, which was not capital.
The defendant contends that a jury in a criminal case has a right to determine the law, including the constitutionality of statutes. Although some early cases appeared to state that the jury had the power to determine the law in criminal cases; State v. *Page 679 
Thomas, 47 Conn. 546; State v. Buckley, 40 Conn. 246; the Supreme Court later said that both Thomas and Buckley were "clearly wrong if they can be regarded as assuming that in this State the jury can lawfully disregard the law as stated to them by the court, and to this extent they are overruled." State v. Gannon, 75 Conn. 206, 236. In State v. Main, 69 Conn. 123, 134, it was held that the jury could not, without a violation of their oaths, disregard the law as stated to them by the court. Gannon, in a thorough analysis of trial by jury in Connecticut, clearly articulates the duty of the jury to accept the instructions of the court on the law. State v. Gannon, supra, 218-37.
 There is no error.
In this opinion PARSKEY and A. ARMENTANO, Js., concurred.