JOHN SCHUSLER'S APPEAL FROM COUNTY COMMISSIONERS.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

No place can, with propriety, be deemed "suitable" for the sale of
   intoxicating liquor, under Public Acts of 1907, chapter 200,
   which is so near to a public or parochial schoolhouse as to be det-
   rimental to the interests of the school.
In the present case the applicant's saloon, for which he sought a re-
   newal license, was about seventy-five feet from a parochial school
   building recently erected and attended by eight hundred children,
   and the county commissioners refused to renew the license on
   the ground that the place had become an unsuitable one for a
   saloon. *Held* that the fair implication in support of this finding
   was that the continuance of a saloon at that place would be
   detrimental to the interests of the school.
The fact that the schoolhouse site was bought long after the estab-
   lishment of the applicant's saloon, in close proximity to it, and
   after he had become the owner of the saloon property, is of no
   legal consequence; nor does it matter whether such property is
   worth much or little.

Schusler's Appeal.

All property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community.

Proof in the Superior Court that the county commissioners had renewed a license to some other applicant to sell liquor at some other place near a church or schoolhouse is immaterial, since each application stands by itself, unfettered by any action of the commissioners taken in other cases.

Submitted on briefs October 6th—decided October 27th, 1908.

APPEAL from a judgment of the Superior Court in Hartford County (*Curtis, J.*) affirming a refusal of the county commissioners to grant a liquor license to the appellant. *No error.*

*Hugh O'Flaherty* and *Solomon Elsner*, for the appellant (applicant for license).

*Marcus H. Holcomb*, with whom was *Augustine Lonergan*, for the appellees (county commissioners).

BALDWIN, C. J. The appellant applied in April, 1908, to the county commissioners for Hartford county, for a license to sell intoxicating liquors at No. 100 Ward Street in the city of Hartford. He had kept a liquor saloon there under a license from them for the preceding ten years, and for five years he had owned the building in which the saloon was. Two years previously a parish of the Roman Catholic Church had bought the opposite lot, about seventy-five feet distant, and since June, 1907, had maintained a parochial school upon it in a building erected by it for the purpose. About eight hundred children were in attendance at this school.

In April, 1907, when Schusler applied for his license for the ensuing year, the commissioners stated to him that his license would not be again renewed after the completion and occupation of the new school building, and he replied that he would not ask for such a renewal. In 1908

they refused to grant him a license, on the ground that while he was a suitable person to sell liquors, the place where he desired to sell them was not a suitable one.

On the hearing in the Superior Court, he offered evidence of the value of the building and lot used for the saloon, and also of the granting of a renewal license by the board to one Hawksworth to sell intoxicating liquors at another place in Hartford which was within two hundred feet of a church or schoolhouse.  He also claimed that it was unfair and inequitable to refuse his application in view of the fact (which was established) that the parish knew of the existence of his saloon when it purchased the site for the school building.

The exclusion of this evidence and the overruling of this claim are the sole grounds of the appeal to this court.

General Statutes, § 2647, as amended by the Public Acts of 1907, page 750, chapter 200, provides that "no license, except the renewal of a license, at the discretion of the county commissioners as to the suitability of person and place and subject to appeal, shall be granted in the purely residential or manufacturing parts of a town or within two hundred feet in a direct line from any church edifice or public or parochial schoolhouse, or the premises pertaining thereto, except to a well-established hotel of good reputation; nor shall one be granted in such proximity to a charitable institution, whether supported by public or private funds, as may be detrimental to the same." The county commissioners, therefore, had a discretionary power to renew the appellant's license, should they be of opinion that his saloon was a suitable place for the sale of liquors.  No place could with propriety be deemed suitable for such uses which was so near to any building occupied by a charitable institution that these uses would be detrimental to the interests of that institution.  A parochial school, though supported by private funds, is a charitable institution.  *Fuller* v. *Plainfield Academic School*, 6 Conn.

532, 544; General Statutes, §§ 4026, 3990; *Hamden* v. *Rice*, 24 Conn. 350, 355; *Conklin* v. *Davis*, 63 id. 377, 384, 28 Atl. 537. It was fairly to be implied, in support of the finding of the commissioners that the appellant's place of business was an unsuitable one for the further prosecution of his business, that they so found because, in their judgment, to allow its continued use for that purpose would be detrimental to the interests of the Immaculate Conception Parish school. This is amply sufficient to sustain both their finding and that of the Superior Court to the same effect.

It was of no legal consequence that the site for the school was bought years after the establishment of the appellant's saloon, in close proximity to it, and after his becoming the owner of the saloon property. "All property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community." *Mugler* v. *Kansas*, 123 U. S. 623, 665, 669, 8 Sup. Ct. Rep. 273. Whatever is injurious, either to a public or a parochial school, attacks the welfare of the community at a vital point.

Proof of the value of the saloon building would not have varied the applicability of these rules of law. Whether worth much or little, its owner could not complain if forbidden to use it for a purpose which those invested with authority to decide should determine to be unsuited to its surroundings, because detrimental to interests of a public or charitable nature.

Proof that in some other case the commissioners had renewed a license to some other man to sell liquor at some other place, not far from a church or schoolhouse, was of no materiality in the Superior Court. The powers of the commissioners in dealing with each application are unfettered by what they may have done in dealing with any other. In each case they are to use their discretion without abusing it, and there was nothing in the present in-

stance before the court below to show that this rule had been transgressed, and nothing in the record in this court to indicate that there was not sufficient cause for affirming their decision by the judgment appealed from. *State* v. *Gray*, 61 Conn. 39, 46, 22 Atl. 675; *Gray* v. *Connecticut*, 159 U. S. 74, 77, 15 Sup. Ct. Rep. 985.

There is no error.

In this opinion the other judges concurred.