Town of Newington *v.* Rocco L. Mazzoccoli

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued June 6—decided July 16, 1946

*Cyril Coleman,* for the appellant (plaintiff).

*Julius B. Schatz,* with whom were *Joseph P. Kenny* and, on the brief, *Arthur D. Weinstein,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff sought a declaratory judgment as to the right of the defendant to sell alcoholic liquor under a restaurant beer permit issued by the liquor control commission to be operative upon premises located within five hundred feet of· a church, a use claimed to be contrary to the zoning ordinances of the plaintiff town, and for an injunction restraining that use. The trial court refused relief upon two grounds: First, that as the Liquor Control Act provides that the decision of the commission on an application for a liquor permit shall be "final," the plaintiff was not entitled to the relief it sought; and secondly, that the commission was a necessary party to the proceeding and, in its absence, relief could not be granted. After judgment had been rendered for the defendant, the court opened it and ordered that the clerk notify the commission that on a day certain it would render a new judgment for the defendant, unless the commission should file with the clerk before that day a written notice that it desired to be heard. The commission did not do so and the new judgment was rendered. The plaintiff has appealed.

On July 12, 1940, the zoning ordinances of the plaintiff town were amended to provide in part that in a business zone no building or premises should be used for a package store selling all alcoholic liquors if any part of the premises should be situated within five hundred feet of a lot used for the purposes of a church, and that the amendment should also apply "to taverns and grills." In 1942, Emmanuel Selici-

ous owned a diner in Newington located within five hundred feet of a church, and, while it is not so expressly found, the whole tenor of the finding shows that this location was within a business zone. Selicious applied to the liquor control commission for a restaurant beer permit. The application was sent to the town clerk of Newington and he certified on it that the use of the premises for that purpose would not be contrary to the ordinance. On June 9, 1942, the commission issued the permit. Subsequently, in reliance on it, the Newington Diner, Inc., purchased the business from Selicious, the commission substituted Ernest Richards, acting on its behalf, as permittee for the unexpired portion of the period covered by the original permit, and the corporation operated the diner under that permit. While the finding is silent about the matter, an exhibit annexed to it shows that a new permit was thereafter issued to Richards on June 14, 1943. On October 7, 1943, the defendant was substituted as permittee. Prior to June 14, 1944, he applied for a restaurant beer permit for the premises. The town clerk certified that the proposed use would violate the ordinances of the town. Neither the town nor any ten of its residents filed a remonstrance against the granting of the permit; but the commission held a hearing at which the town appeared in opposition. The commission, nevertheless, granted the permit. In November, 1944, the town's building inspector notified the defendant to cease the sale of liquor on the premises, but the defendant has continued to do so. While this action was pending, another permit was on June 14, 1945, granted to the defendant over the protest of the town.

In so far as the plaintiff sought injunctive relief,

its right to it should have been determined as of the date of trial. *Loew's Enterprises, Inc.* v. *International Alliance of T.S.E.*, 127 Conn. 415, 419, 17 A.2d 525. An action for a declaratory judgment is statutory and not equitable; *Silberman* v. *McLaughlin*, 129 Conn. 273, 276, 27 A.2d 634; nevertheless, it is intrinsic in its nature that rights should be determined upon the facts in existence when the case is tried; and particularly is this so when it is sought as a basis for injunctive relief. While the Liquor Control Act makes certain distinctions as regards applications for original permits and applications for renewal permits, the controlling provision is that a permit is "good for one year after issuance"; General Statutes, Cum. Sup. 1935, § 1026c; Sup. 1941, § 452f; a renewal is not an extension of the term of the original permit but the issuance of a new permit; and if an applicant cannot legally qualify for a permit when he applies for its renewal it is of no consequence that he could legally qualify when the original permit was issued. This action was brought after the issuance of the 1944 permit. The judgment states that the parties were heard in court on October 9, 1945. The rights of the parties should have been determined upon the facts as they existed on that day, upon the statutes involving substantive matters in effect when the 1945 permit was issued, and upon those involving matters of procedure in effect when the case was tried. *Hart* v. *Board of Examiners of Embalmers*, 129 Conn. 128, 131, 26 A.2d 780. It is, therefore, of no consequence that the town clerk certified upon the application for the 1943 permit that its grant would not violate any town ordinance, because, upon the application for the 1944 permit, he stated that it would. While cer-

tain amendments to the Liquor Control Act were made at the 1945 session of the General Assembly, they did not take effect until after the issuance of the 1945 permit; we regard it as probable, however, that a further permit has been granted this year; and we shall, therefore, refer to those amendments.

The act distinguishes between a restaurant permit for beer and a tavern permit. The former allows only the retail sale of beer and of cider not exceeding 6 per cent of alcohol by volume, to be consumed on the premises, but not by women at a bar, in a place where hot meals are regularly served and which has no sleeping accommodations. General Statutes, Cum. Sup. 1935, § 1012c (7); Sup. 1945, § 617h (a); Cum. Sup. 1939, § 959e; Sup. 1945, § 623h (2). A tavern permit allows only the sale of beer and of cider not exceeding the alcoholic content above described, to be consumed on the premises with or without the sale of food but not by women at a bar. General Statutes, Cum. Sup. 1935, § 1034c; Cum. Sup. 1939, § 961e. The defendant claims before us that the ordinance applies only to package stores, "taverns and grills" and does not, therefore, forbid the use of premises under a restaurant beer permit. No such claim appears to have been made in the trial court. On the contrary, the finding is that when the first application was presented to the town clerk he "erroneously" certified that the ordinance did not forbid the use of the premises under a restaurant beer permit; and that on the second application he certified "correctly" that it did forbid that use. Evidently the case was tried upon the theory that to conduct the business under a restaurant beer permit was a violation of the ordinance, and we shall proceed upon that basis; Conn.

App. Proc. § 22; certainly there is no sound reason why we should consider the claim now made when it was not advanced at the trial. *Meyers* v. *Arm,* 126 Conn. 579, 582, 13 A.2d 507; Conn. App. Proc. § 44. We point out, however, that the word "tavern" as used in the ordinance does not necessarily have the same meaning as does that word in the Liquor Control Act; and certainly, on this finding, we could not hold that the defendant's place of business, if not a tavern as the word is used in the ordinance, was not a "grill."

The statute in effect when the 1945 license was issued provided that permits for the sale of liquor should be confined to the parts of cities and towns prescribed by zoning ordinances; General Statutes, Cum. Sup. 1939, § 969e; and this provision is clarified in the 1945 Supplement, § 633h, by changing it to read that the commission shall refuse permits "where prohibited by the zoning ordinance of any city or town." If we assume that the ordinance did forbid the use of the defendant's premises for the purpose stated in his permit, we are confronted with the bald claim that, although the commission in 1945 issued a permit for certain premises located in a zone where such a use is forbidden, contrary to the express provisions of the act, parties whose interests will be adversely affected are remediless. Certainly we must study the situation with care before ascribing to the General Assembly an intent to vest in the commission power to disregard, if it wishes to do so, the express provisions of another statute which the legislature has passed, without possibility of review in due course of law at the behest of such parties. The act provides that any ten residents of a town within which a permit is

intended to be operative may file a remonstrance against granting it or any renewal of it, and that the commission shall decide whether the application for it shall be granted; it adds: "The decision of the commission . . . shall be final with respect to the remonstrants"; and, while the act gives an applicant for a permit a right to appeal to the Court of Common Pleas from the refusal of the commission to issue it, no right is given to anyone to appeal from a decision granting it. General Statutes, Sup. 1941, §§ 460f, 463f; Sup. 1945, §§ 629h, 640h. The basic question is: Did the legislature intend, by the provision that the decision of the commission on an application for a permit should be "final with respect to the remonstrants," to preclude recourse to available legal remdies where a specific statutory requirement has been violated?

Confronted by somewhat similar situations, we have not hesitated to hold that the words "final" or "conclusive" did not mean that a decision reached by a board or committee was not in any way open to attack by orderly processes of law. In *Connecticut Mutual Life Ins. Co.* v. *Rogers,* 113 Conn. 14, 16, 154 A. 246, we had before us a statute providing that every mutual life insurance company should make a sworn statement to the tax commissioner as a basis for levying a tax upon it, that the board of equalization should examine and correct the statement and that, "so corrected or made," it "shall be conclusive as to the facts required to be specified"; but we held that this provision did not preclude a review of the action of the board under another statute giving generally a right of appeal from its decisions. In *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 455, 190 A. 616, we considered

a statute concerning the appraisal of mortgaged property for the purpose of a deficiency judgment which provided that the appraisal "shall be final and conclusive as to the value" of the property, and we held that the appraisers' determination of value was conclusive as to matters of fact but that, on a remonstrance, the court could consider whether, in reaching their decision, they had committed any error of law. *Bridgeport Hydraulic Co. v. Rempsen,* 124 Conn. 437, 200 A. 348, was an action for the condemnation of land under a city charter which provided for the appointment of a committee to determine the amount to be paid for lands or interests taken, "which determination and award shall be final"; and we held (p. 441) that, while the decision of the committee as to the amount to be awarded could not be reviewed as a question of fact, it did not prevent the court from determining whether the committee had committed any error of law in arriving at its conclusion.

The section of the Liquor Control Act concerning remonstrances and containing the provision that the decision of the commission shall be "final" provides that the residents of the town in which the permit is to be operative may file a remonstrance "containing any objection to the suitability of said applicant or proposed place of business." The section as it appears in the 1941 Supplement, § 460f, specifies certain factors which the commission should consider in determining the suitability of person and of place, but these provisions were omitted in the corresponding section enacted in 1945, § 629h, and in place of them it was provided that, after the hearing, the commission was to decide whether the application should be granted. Then follows in both

sections the provision as to the finality of its decision. "The word 'suitable' as descriptive of an applicant for license under the statute, is insusceptible of any legal definition that wholly excludes the personal views of the tribunal authorized to determine the suitability of the applicant. A person is 'suitable' who by reason of his character—his reputation in the community, his previous conduct as a licensee—is shown to be suited or adapted to the orderly conduct of a business which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense. It is patent that the adaptability of any person to such a business depends upon facts and circumstances that may be indicated but cannot be fully defined by law, whose probative force will differ in different cases, and must in each case depend largely upon the sound judgment of the selecting tribunal." *Smith's Appeal,* 65 Conn. 135, 138, 31 A. 529. In the act as amended in 1941, the factors in determining suitability of person which the commission was required to consider follow this definition; they were the "record" of the applicant including arrests or convictions for violation of state or federal law, reputation and character.

We have never had occasion to explain the meaning of suitability as regards place, but in *Schusler's Appeal,* 81 Conn. 276, 70 A. 1029, we said (p. 278) that no place could be suitable "which was so near any building occupied by a charitable institution that these uses would be detrimental to the interests of that institution." Again, in the act as amended in 1941, the legislature itself indicated clearly what it meant by suitability of place, for it required the

committee to consider the effect of proximity to any charitable or educational institution, or to any church, and the conduct and reputation of place. An inquiry as to suitability of either person or place presents a question of fact. *Stavolo's Appeal,* 81 Conn. 454, 457, 71 A. 549; *Brady's Appeal,* 89 Conn. 310, 312, 94 A. 287; *Sayers' Appeal,* 89 Conn. 315, 321, 94 A. 358. The only issues which can be raised upon a remonstrance are those as to suitability of person or place. When the General Assembly provided that the decision of the commission should be "final with respect to the remonstrants," it evidently had in mind those issues. We can only construe the provision concerning the finality of the decision of the commission as referring to their determination as matters of fact. We cannot construe it as meaning that if the commission grants a permit in violation of an express provision of law its decision is not open to attack by proper legal procedure.

Under the act the commission was without authority to grant a permit for premises where the sale of liquor was forbidden by a zoning ordinance, and a permit issued for such a place is necessarily void. *Gregory* v. *Bridgeport,* 52 Conn. 40, 44; *Crofut* v. *Danbury,* 65 Conn. 294, 301, 32 A. 365; *Department of Ins.* v. *Church Members Relief Assn.,* 217 Ind. 58, 60, 26 N.E.2d 51. No person without a legal permit can sell alcoholic liquor. General Statutes, Cum. Sup. 1939, § 983e; Sup. 1945, § 644h. If it should be found that such sales by the defendant were in violation of the zoning ordinance of the defendant town, any party whose justiciable interests were injured thereby would, in a proper case, be entitled to seek redress in an action for injunctive relief. *Fitzgerald* v. *Merard Holding Co.,* 106

Conn. 475, 482, 138 A. 483; *Fitzgerald* v. *Merard Holding Co.,* 110 Conn. 130, 137, 147 A. 513; *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 695, 155 A. 850; see *Point O'Woods Assn., Inc.* v. *Busher,* 117 Conn. 247, 250, 167 A. 546. Whether the plaintiff town is a proper party to seek the relief it claims we have on this record no occasion to determine. See *Keating* v. *Patterson,* 132 Conn. 210, 212, note, 43 A.2d 659. The notice to the commission, ordered by the court after the original judgment was opened and stating that it would enter judgment for the defendant on a certain day unless the commission filed with the clerk a written notice that it desired to be heard, did not make the commission a party to the action; General Statutes, § 5521; but, while the commission would no doubt be a proper party, we are not able to discern any such public interest which its presence before the court would serve to protect as would make it a necessary party. See *Rommell* v. Walsh, 127 Conn. 16, 21, 15 A.2d 6.

The rights of the parties could apparently be fully determined in an action seeking affirmative relief, and there appears no reason for asking a declaratory judgment; Practice Book § 250 (c); see *Sigal* v. *Wise,* 114 Conn. 297, 301, 158 A. 891; *Moeller* v. *English,* 118 Conn. 509, 514, 173 A. 389; *National Transportation Co., Inc.* v. *Toquet,* 123 Conn. 468, 483, 196 A. 344; *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 14, 37 A.2d 689; but if such a reason should appear an action for such a judgment would lie.

Neither ground upon which the trial court refused to entertain the action is sound. We cannot say that the plaintiff was guilty of laches as matter of law,

and as the trial court did not pass upon that issue it is not before us on this record.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.