## KATHRYN F. COOLBAUGH *v.* ST. PETER'S ROMAN CATHOLIC CHURCH OF BRIDGEPORT, CONNECTICUT

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 84404

Memorandum filed July 12, 1954.

*Miller & Burstein,* of Bridgeport, for the plaintiff.

*Pouzzner & Hadden,* of New Haven, for the defendant.

MURPHY, J. The plaintiff sued to recover for injuries sustained on September 17, 1950, in a fall on the premises of the defendant, St. Peter's Roman Catholic Church in Bridgeport. Her cause of action was set out in her substituted complaint dated October 15, 1951, and an amendment thereto dated December 10, 1951. It specifically alleged corporate negligence of the defendant. As a second special defense, the defendant set up immunity as a charitable corporation. To this the plaintiff replied that the plaintiff's injuries were caused by the corporate neglect of the defendant and that the plaintiff was an invitee.

The defense of charitable immunity must be deemed to have been admitted. Practice Book § 101.

The plaintiff testified that for ten years she had been attending the defendant church as a parishioner. It was her usual place of worship. On the day in question, she was attempting to gain entrance to the church for the purpose of lighting a votive candle and offering prayers. Such practices are acts of faith and devotion, from which the plaintiff anticipated a spiritual lift.

The defendant's edifice is located at the corner of Beechwood and Colorado Avenues. The main entrance is on Beechwood Avenue. There is a side door on Colorado Avenue. The plaintiff tried the side door but found it locked. Instead of walking down the walk leading from the side door to the public sidewalk and then around the corner to the front entrance, the plaintiff crossed the lawn and while attempting to squeeze between the evergreen shrubs that separate the lawn and the front entrance walk, she tripped over a wire that extended between the shrubs about ten inches above the ground level. In the resultant fall, she was injured.

The wire had been installed about two years before the plaintiff's fall by the church sexton to protect the hedges, shrubs and lawn from children who cut across the lawn as a short cut. He did so of his own volition without orders or instructions from his superiors.

As a parochial school is a charitable institution, (*Schusler's Appeal*, 81 Conn. 276, 278), so is a denominational church that maintains religious services. *Mack's Appeal*, 71 Conn. 122, 135; Zollman, American Law of Charities, p. 164.

The plaintiff could only recover by proving corporate neglect. The words "corporate neglect" must necessarily mean neglect of the officers or governing

board of the corporation, as distinguished from the negligence of its ordinary employees, such as its sexton or gardener. If there was neglect in any of the respects alleged, but it was negligence of an employee, there is no liability on the part of the corporation. The defendant is a charitable corporation and is not liable for the negligence of employees whom it has selected with due care. *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 571; *Evans* v. *Lawrence & Memorial Associated Hospitals, Inc.,* 133 Conn. 311, 315; *Richards* v. *Grace-New Haven Community Hospital,* 137 Conn. 508, 510.

The plaintiff failed to produce any evidence from which the jury could have found corporate negligence. And there was no evidence from which it could be concluded that she was an invitee. *Laube* v. *Stevenson,* 137 Conn. 469, 473; *Lubenow* v. *Cook,* 137 Conn. 611, 613.

Plaintiff's reference in her brief to the availability of liability coverage is disposed of in *Cristini* v. *Griffin Hospital,* 134 Conn. 282, 285. The fact is irrelevant to the question of liability.

Courts are loath to direct verdicts. In this case at the time of trial and now upon review, the action was justified. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 578.

The motion to set aside the verdict is denied.