Primo M. Ceccorulli *v.* Liquor Control Commission

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued December 5—decision released December 31, 1974

*Pasquale Young,* for the appellant (plaintiff).

*Richard M. Sheridan,* assistant attorney general, with whom on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

Per Curiam. This is an appeal from a decision of the defendant commission which revoked the package store permit of the plaintiff on the ground that he had failed to comply with the terms of a stipulation which he had executed and filed with the commission. The plaintiff had received a variance from the New Haven zoning board of appeals which allowed him to conduct his package store business within 1500 feet of another off-premises liquor outlet. An appeal from the granting of this variance was taken to the Court of Common Pleas and, while the appeal was pending, the commission issued a permit to the plaintiff upon the express stipulation and agreement that in the event that that appeal was sustained by the Court of Common Pleas "the permit will be immediately surrendered to the liquor control commission for cancellation, unless an appeal is taken of said decision." The appeal from the granting of the variance was sustained by

the Court of Common Pleas. Thereafter the plaintiff did not appeal or seek to petition this court for the certification of an appeal but instead returned to the New Haven zoning board of appeals requesting a special exception which was subsequently granted on July 10, 1973. On August 17, 1973, the commission revoked the plaintiff's permit because of his refusal to surrender it in accordance with the terms of the stipulation. The plaintiff then appealed to the Court of Common Pleas claiming that in revoking the permit the commission had acted illegally, arbitrarily and in abuse of its discretion. That court found the issues for the defendant and ordered the appeal dismissed. It is from that judgment that the present appeal has been taken.

The plaintiff has not attacked the court's finding of facts as thus summarized. The appeal requires no extended discussion. The plaintiff clearly failed to comply with the express terms of his stipulation and agreement with the commission and, under the circumstances, the court properly concluded that the commission did not exceed its powers in revoking the permit.

The only other claim raised by the plaintiff on the appeal is totally without merit. The commission revoked his permit on August 17, 1973. He filed the appeal to the Court of Common Pleas on August 23, 1973. On September 11, 1973, he applied for a renewal of his permit and tendered a fee by check in the amount of $425. The commission cashed the check and notified the plaintiff: "Your renewal permit is being held in this office because of an appeal pending. Under the provisions of Section 30-82 of the General Statutes, you have the privilege

of continued operation pending further action by the Commission or Court." The court did not err in concluding that the commission did not renew the plaintiff's permit.

There is no error.