WILLIAM J. BROWN *v.* LIQUOR CONTROL COMMISSION

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued November 9, 1978—decision released January 9, 1979

*Dennis M. Buckley,* for the appellant (plaintiff).

*William N. Kleinman,* assistant attorney general, with whom were *Barney Lapp,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellee (defendant).

COTTER, C. J. The plaintiff was the permittee of a package liquor store in Waterbury. In November, 1973, he was criminally charged with various counts of larceny and conspiracy to commit larceny arising out of two October, 1973 incidents involving his alleged illegal receipt of stolen alcoholic beverages. Thereafter, the plaintiff filed an application for the renewal of his permit with the liquor control commission. On May 30, 1975, it issued the permit;

but, since the criminal charges lodged against the plaintiff were pending at that time, a letter together with the renewal permit was sent to the plaintiff informing him that the issuance of the permit would not prejudice the commission's case against the plaintiff concerning violations of the regulations of the defendant commission stemming from the October, 1973 incidents, and that the renewal permit would be subject to a hearing at a later date.

After the state entered a nolle prosequi on the criminal charges against the plaintiff, the commission duly notified the permittee that a hearing would be held to determine whether his permit should be suspended or revoked due to alleged violations of § 30-76 of the General Statutes and § 30-6-A27 (a) of the regulations of the commission in connection with the October, 1973 events. Following a second hearing, the commission revoked the plaintiff's permit by reason of unsuitability of person on the foregoing facts. Upon appeal to the Court of Common Pleas, that court found the issues for the defendant and ordered the appeal dismissed, and from that judgment the present appeal has been taken.

The determinative issue for our consideration concerns the plaintiff's allegation in his complaint that he "is a suitable person in all respects to have such a permit, as was determined by the liquor control commission's issuance of Permit # P-3193" on May 30, 1975. It is obvious from the record that the suitability of the permittee was not determined by the commission in May of 1975, but was reserved for its consideration until some later date after the criminal proceedings had terminated.

The revocation of the permit was based upon the commission's determination of "unsuitability of per-

son" by reason of the plaintiff's violation of certain provisions of chapter 545 of the General Statutes and of the regulations of the defendant commission.[1] Under the statute, the resolution of factual matters with respect to applications for liquor permits is vested in the liquor control commission and it has a liberal discretion in determining the suitability of a permittee. *Dadiskos* v. *Liquor Control Commission*, 150 Conn. 422, 425, 190 A.2d 490. The plaintiff, at no time, claimed that there was insufficient evidence to support the decision of the commission. Rather, he claims that the issuance of a permit on May 30, 1975, is prima facie evidence that the defendant found him to be "suitable" so as to preclude a later revocation on a contrary determination based upon facts available to the commission when the renewal permit was issued. Such a contention ignores the true import of the commission's action.

The commission clearly and unequivocally informed the plaintiff at the time of the issuance of the renewal permit that it was reserving the right to postpone its final determination of the plaintiff's "suitability" pending the outcome of the criminal charges. Understandably, the plaintiff did not object to this procedure since it inured to his benefit by allowing him to continue in business under the

---

[1] These included violations of (1) section 30-76 of the General Statutes concerning purchase for resale of alcoholic liquor from other than a wholesaler or manufacturer permittee and (2) section 30-6-A27, subsection (a), of the regulations of the commission concerning a shipment of alcoholic liquor which was not accompanied by an invoice setting forth the information required by said section, both occurring on October 10, 1973. They also included violations of section 30-6-A27, subsection (a), of the commission's regulations concerning a shipment of alcoholic liquor which was accompanied by an invoice setting forth incorrect information; and section 30-47, subsection (5), of the General Statutes concerning an arrest of the permittee.

permit for a period of more than fifteen months. Under the circumstances, issuance of a qualified or limited renewal permit with the tacit approval of the plaintiff was neither illegal, arbitrary nor an abuse of its discretion. See *Ceccorulli* v. *Liquor Control Commission,* 167 Conn. 442, 443, 356 A.2d 186.

Furthermore, the defendant's failure to proceed in accordance with the provisions of General Statutes § 30-82 does not operate to invalidate its action. Section 30-82 provides, inter alia, that an applicant for a renewal permit shall be immune from criminal charges pending the decision of the commission upon his application. The qualified issuance of a permit by the commission in the present case did not constitute a final determination of the plaintiff's suitability any more than would the fact of continued operation as authorized under § 30-82. See *Ceccorulli* v. *Liquor Control Commission,* supra.

On an appeal from a decision of the liquor control commission, it is the function of the court to determine "whether the commission upon the facts has mistaken the law and so has acted illegally, or whether it has reached a conclusion untenable in the light of logic and reason and by so doing has arbitrarily abused its discretion. *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 646, 30 A.2d 547." *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 553, 135 A.2d 595; *Williams* v. *Liquor Control Commission,* 175 Conn. 409, 399 A.2d 834. In dismissing the plaintiff's appeal, the court below did not err in concluding that the commission did not act illegally, arbitrarily or in abuse of its discretion.

There is no error.

In this opinion the other judges concurred.