[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are the permittee and backer of a cafe permit issued to Essex House Restaurant and Rudy's Pub, 21 Plains Road, Essex, Connecticut. The defendant is the Department of Consumer Protection, Division of Liquor Control (DLC), which issued the permit and supervises the use of such permit. General Statutes § 30-6. Brown v. Liquor Control Commission, 176 Conn. 428,430 (1979).
Following a hearing, the DLC found that the plaintiffs on December 9, 1995 sold or delivered alcoholic liquor to a minor in violation of General Statutes § 30-86. In consequence of such violation the plaintiffs' cafe permit was suspended for three days with an additional ten day suspension or $750 fine in lieu thereof pursuant to section 30-6-A8 (k) of the Regulations of Connecticut State Agencies. The plaintiffs are aggrieved by such decision.
The plaintiffs appeal the DLC decision pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166, et seq., § 4-183.
The factual background of the case is as follows. The Connecticut State Police were called to the Essex Restaurant and Rudy's Pub in response to a reported disturbance. While on the premises they arrested Angela Smith for procuring of alcohol by a minor in violation of § 30-89. Ms. Smith's date of birth is June 4, 1975, thus she was a minor on December 9, 1995. The State Police referred a "Report of a Violation of Law or Regulations Involving Premises Licensed to Sell Alcoholic Beverages" to the DLC. In a subsequent interview with the State Police, Ms. Smith CT Page 7308 indicated that she had purchased a beer at the Essex House and did not show any age identification.
The DLC on February 21, 1997, notified the plaintiffs of the charges relating to the December 9, 1995 incident, including two counts of § 30-86 (sale to minors) violations, two counts of § 30-86 (sale to intoxicated persons) and two counts of General Statutes § 30-90 (minors loitering) violations.
A contested hearing on such charges was held on July 10, 1997. The plaintiffs, who had notice of the hearing, appeared and defended. Following the hearing the DLC issued a decision on October 2, 1997. The decision found a violation only as to the sale to Ms. Smith, and imposed the fine and suspension penalty.
The plaintiffs' appeal raises two claims: (1) the finding that the plaintiffs sold to Ms. Smith is not supported by substantial evidence; and (2) it was a constitutional due process violation for the DLC to have delayed prosecution of the alleged violations.
The court finds the issues for the DLC and dismisses the appeal.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
"With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." (Internal quotation marks omitted.) Conn. Light Power Co. v. Dept. ofPublic Utility Control, 219 Conn. 51, 57-58 (1991). "The question is not whether the trial court would have reached the same CT Page 7309 conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission onHospitals Health Care, 182 Conn. 314, 318 (1980).
Where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v. Administrator,Unemployment Compensation Act, 209 Conn. 381, 385 (1988).
The "credibility of witnesses and the determination of issues of fact are matters within the province of the administrative agency." Williams v. Liquor Control Commission, 175 Conn. 409,414 (1978). The plaintiffs correctly point out that Ms. Smith's testimony was not entirely consistent and evolved over time. A trier of fact "is free to juxtapose conflicting versions of events and determine which is the more credible." State v. Adams,225 Conn. 270, 278 (1993).
If there is any reasonable way that the trier of fact might have reconciled the conflicting testimony, the reviewing court should not disturb the decision on a challenge to the sufficiency of the evidence. State v. Henry, 49 Conn. App. 41, 50-52 (1998), citing State v. Taylor, 239 Conn. 481, 494 (1996), cert. denied, ___ U.S. ___ 117 S.Ct. 2515, 138 L.Ed.2d 1017 (1997).
Ms. Smith's testimony provides substantial evidence that the plaintiffs violated § 30-86 on December 9, 1995, by selling her an alcoholic beverage.
The constitutional due process requirement encompasses the right to notice and a hearing "at a meaningful time." Armstrongv. Manzo, 380 U.S. 545, 552 (1965). In a license revocation proceeding the failure to provide a timely hearing has been found to violate the due process of law hearing requirements. Barry v.Barchi, 443 U.S. 55, 67 (1979). In assessing speedy trial claims under both federal and state constitutional law, the courts balance four factors: length of delay, reason for delay, the defendant's assertion of his right and prejudice to the defendant.; "[N]one of the factors standing alone demands a set CT Page 7310 disposition; rather it is the total mix which determines whether the defendant's right was violated." State v. Nims,180 Conn. 589, 591-92 (1980). See also Baker v. Wingo, 407 U.S. 514, 530
(1972); State v. Wall, 40 Conn. App. 643, 651, cert. denied,237 Conn. 924 (1996).
The criteria of the speedy trial analysis demonstrate the reasonableness of the process in this case. The delay in bringing charges was fourteen months, the hearing was held in nineteen months and the decision issued in twenty-two months. The delays were not extraordinary, and apparently occasioned by the DLC's burden in enforcing liquor laws throughout the state. The plaintiffs did not press for an earlier resolution of the charges likely to follow the arrests on the premises for liquor law violations. The administrative order has been stayed and the plaintiffs have yet to suffer any suspension or fine.[1] The plaintiffs' claim of prejudice is lacking in specificity and is merely speculative and generalized.
The DLC enforcement statutes lack any specific time parameters as to bringing charges or holding hearings. The processing of this case was within a reasonable time.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.