[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from the granting of a grocery store beer permit.
On July 11, 1997, the defendant Edward Messina, Jr., the permittee, and Kmart, Corporation, the backer, filed an Application for a Grocery Store Beer Permit for the Super Kmart Center (Super Kmart) at 844 North Colony Road, Wallingford. (Return of Record (ROR), Attachment 1.) On September 8, 1997, the plaintiffs, Roseanne Notaro and fourteen other individuals filed a Remonstrance opposing the application.[1] (ROR, Attachment 2.) A hearing on the application was held on January 15, 1998. On February 26, 1998, the Department of Consumer Protection, Division of Liquor Control, Liquor Control Commission (Commission) issued its Memorandum of Decision which granted the permit. (ROR, Attachment 8.) The plaintiffs have brought this appeal pursuant to General Statutes § 30-60, to challenge that decision.
The appeal was timely filed on March 26, 1998. The plaintiffs' brief was filed on August 17, 1998, and the defendants' briefs on September 14, 1998. A hearing and oral argument occurred in Superior Court on October 21, 1998.
 I. AGGRIEVEMENT
At the trial on October 21, 1998, only the named plaintiff, Roseanne Notaro, testified as to aggrievement. The plaintiff offered certified tax records of the Town of Wallingford for herself and nine other plaintiffs as proof of the residency of the plaintiffs necessary to bring an appeal pursuant to § 30-60.[2] Section 30-60 provides, in pertinent part: "[A]ny ten residents who have filed a remonstrance pursuant to the provisions of section 30-39 and who are aggrieved by the granting of a permit by the department may appeal therefrom in accordance with section 4-183." The defendants argued that the plaintiffs have failed to satisfy the requirement that ten residents bring the appeal. The defendants contend that ten residents must appear and testify at the trial and that, therefore, the plaintiffs lack standing to maintain his appeal. "The issue of standing invokes the trial court's subject matter jurisdiction."R R Pool Home, Inc. v. Zoning Board of Appeals,43 Conn. App. 563, 568 (1996). Thus, before reaching the merits of this appeal, the issue of the court's subject matter jurisdiction must be resolved. Pollio v. Conservation Commission,32 Conn. App. 109, 113 (1993). CT Page 12971
Here, the plaintiffs have satisfied by substantial evidence the requirements of § 30-60. Notaro's testimony, coupled with the tax records of the nine other resident remonstrants who brought this appeal, is sufficient to establish compliance with § 30-60.
Additionally, there is authority to allow the appeal of the named plaintiff, Roseanne Notaro, individually. General Statutes § 4-183(a) provides in pertinent part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." Over one hundred years ago the Connecticut Supreme Court held that any resident taxpayer was aggrieved and, therefore, had the right to appeal a decision which granted a license to sell liquor. Beard's Appeal,64 Conn. 526, 30 A. 775 (1894). Recently, Beard's Appeal and its progeny have ben cited as authority for a determination that a resident taxpayer of a town is aggrieved by a decision which granted a license to sell liquor, notwithstanding a failure to satisfy the ten residents requirement of § 30-60. Loulis v.Liquor Control Commission, Superior Court, Judicial District of Fairfield, Docket No. 320627 (July 8, 1997).
This court finds that the plaintiffs have standing to bring this appeal and that aggrievement has been proved.
 II. STATUTORY AUTHORIZATION TO CONTEST SUITABILITY
The plaintiffs objected to the issuance of the permit because a Kmart department store that sells some groceries is not a suitable place for a grocery store beer permit. The defendants claim that General Statutes § 30-39(c) (see Fn. 1, supra) does not permit the plaintiffs to raise a suitability issue as to the place of business. The plaintiffs "concede that previous case law interpreting the issue of an applicant's proposed place of business had dealt with issues of proximity." (Plaintiffs' Brief, p. 12.) In the setting of a remonstrance, suitability of a place of business has been interpreted to mean whether the business is in close proximity to a charitable or educational institution. The Supreme Court has stated:
 We have never had occasion to explain the meaning of suitability as regards place, but in Schusler's Appeal, 81 Conn. 276, 70 A. 1029, we said (p. 278) CT Page 12972 that no place could be suitable `which was so near any building occupied by a charitable institution that these uses would be detrimental to the interests of that institution.' Again, in the act as amended in 1941, the legislature itself indicated clearly what it meant by suitability of place, for it required the committee to consider the effect of proximity to any charitable or educational institution, or to any church, and the conduct and reputation of place.
Newington v. Mazzoccoli, 133 Conn. 146, 155-56 (1946).
There has been no challenge by the plaintiffs, and no evidence supporting a challenge, to the suitability of the applicants or the suitability of the location of the business. The plaintiffs' challenge is to the Commissioner's interpretation of General Statutes § 30-20(c), the meaning of "grocery store," which will be taken up infra. However, the plaintiffs have failed to provide support for their argument that they are entitled to raise this issue under the provisions of § 30-60, which is their burden.
On this ground alone, the decision of the Commission will not be disturbed.
 III
Other than their contention that they are statutorily authorized to bring this appeal, the only argument advanced and briefed by the plaintiffs is that Super Kmart is not a grocery store within the statutory definition.
General Statutes § 30-20(c) defines a grocery store as follows:
 "Grocery store" means any store commonly known as a supermarket, food store, grocery store or delicatessen, primarily engaged in the retail sale of all sorts of canned goods and dry goods such as tea, coffee, spices, sugar and flour, either packaged or in bulk, with or without fresh fruits and vegetables, and with or without fresh, smoked and prepared meats, fish and poultry, except that no store primarily engaged in the retail sale of seafood, fruits and vegetables, candy, nuts and CT Page 12973 confectionaries, dairy products, bakery products or eggs and poultry shall be included in the definition of "grocery store".
At the hearing before the Commission, the plaintiffs also had contended that the Super Kmart in Wallingford is not a grocery store within the statutory definition. In its Memorandum of Decision dated February 26, 1998 (ROR, Attachment 8) the Commission stated:
 We have reviewed the nine-tier breakdowns submitted by the Respondent for the months of December 1996 through November 1997, and find that sales of grocery items have exceeded over $6 million dollars during that year. Analysis of the nine-tier breakdowns further reveals that the Wallingford Super Kmart has sold over $500,000 in gross sales of grocery items every month. The area devoted to the grocery division is 54,000 square feet and the majority of store managers and associates are devoted to grocery sales. The Wallingford Super Kmart Center contains a full-service grocery store selling canned and dry goods; produce; fresh meats, poultry, and seafood; a delicatessen case with cold cuts, meat, fish and prepared foods; and a bakery section.
 In October 1996, we issued a grocery beer permit to the Super Kmart Center in New Haven, Connecticut; and we thoroughly enunciated our analysis and reasons for doing so in our October 31, 1996 Memorandum of Decision. We hereby adopt our reasoning in that matter and need not reiterate the discussion here. The determination of whether a store is a "grocery store" as defined in Connecticut General Statutes, Section 30-20(c), is one which we make on a case-by-case basis upon consideration of many factors. These considerations include the volume of grocery sales, and the floor space devoted to a variety of grocery products, together with the percentage of grocery items in its nine-tier breakdown of sales.
 The determination of factual matters with respect to applications for liquor permits is vested in the Liquor Control Commission. Brown v. Liquor Control Page 12974 Commission, 176 Conn. 428, 430, 407 A.2d 1020 (1979).
 Based upon the evidence adduced at the hearing, the Commission finds the Respondent Super Kmart Center is a "grocery store" as defined in Connecticut General Statutes Section 30-20(c). Accordingly, the Commission hereby grants the Respondent's application for a grocery store beer permit for the Wallingford Super Kmart Center.
Of course, it is not the function of this court to second guess the factual findings of the Commission. A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
Here, the plaintiffs are asking this court to adopt a more stringent definition of "grocery store" than is required by the statute and by the Commission. The plaintiffs urge this court to apply a "50%" rule that would prohibit a grocery store beer permit if the applicant's gross sales of non-edible items exceed 50% of all gross sales. This 50% rule evidently emanates from a proposed regulation that was rejected on June 30, 1987, by the Legislative Regulation Review Committee of the Connecticut General Assembly. (ROR, Attachment 4.) That committee determined that the rule would distort the intended statutory definition of "grocery store." (ROR, Attachment 4.) Since the rejection of the proposed 50% rule, the Commission has adopted a policy of determining whether an establishment qualifies as a grocery store "on a case-by-case basis upon consideration of many factors," as quoted above from its Memorandum of Decision dated February 26, 1998. (ROR, Attachment 8.)
"Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) ConnecticutLight Power Co. v. Dept. of Public Utility Control,219 Conn. 51, 57-58 (1991); see also CT Page 12975United Parcel Service Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385-86 (1988). Here, as outlined above, there is substantial evidence in the record to support the Commission's conclusion that the Super Kmart in Wallingford qualifies as a grocery store under the statutory definition. See Dolgner v. Alander, 237 Conn. 272, 281-82
(1996). This court finds that the Commission did not act arbitrarily, unreasonably, illegally, or in abuse of its discretion in that determination.
Accordingly, based on the foregoing, the plaintiffs' appeal is dismissed.
Michael Hartmere, J.