[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are the permittee and backer of a grocery beer permit issued for Adnan Market, 562 Park Avenue, Bridgeport, Connecticut. The defendant is the Department of Liquor Control ("DLC"), a division of the State of Connecticut Department of Consumer Protection. The DLC issued the permit and supervises the use of such permit. General Statutes § 30-6; Brown v. LiquorControl Commission, 176 Conn. 428, 430 (1979).
Following a contested hearing, the DLC found that the plaintiffs had on six specific occasions between September 12, CT Page 2607 1996 and September 18, 1997 sold beer during prohibited hours, in contravention of General Statutes § 30-91. On five of those occasions, the plaintiffs had also left beer coolers accessible to the public during prohibited hours in violation of §30-6-B55a of the Regulations of Connecticut State Agencies and on one occasion had failed to cooperate with the police in violation of § 30-6-A10 of the Regulations of Connecticut State Agencies. The DLC decision based on such findings suspended the license for 45 days and also imposed an additional 80 day suspension or $6,000 fine.
The plaintiffs appeal the DLC decision pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq. and 4-183. The plaintiffs are aggrieved by the suspension of their permit.
The DLC decision was issued on June 4, 1998. This appeal was filed on July 10, 1998. The record was filed on July 31, 1998 and a supplemental record was filed on October 9, 1998. Briefs were filed by the plaintiffs on November 30, 1998 and February 22, 1999. A brief was filed by the defendant on January 4, 1999. The parties were heard in oral argument on February 24, 1999.
The plaintiffs raise three issues on the appeal: (1) the timeliness of the administrative process; (2) the evidence relating to three of the findings of violations and (3) the nature of the penalty. The Court finds all the issues for the defendant DLC.
At the outset, the court notes the "standard of review for all of the plaintiffs claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the courts] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statutes purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative CT Page 2608 agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services, 49 Conn. App. 432,436 (1998).
The plaintiffs contend that the administrative process took an unreasonable time. The violations by the plaintiffs allegedly occurred on the following dates: April 23, 1996, September 12, 1996, October 26, 1996, October 27, 1996, November 3, 1996, May 9, 1997, June 12, 1997 and September 18, 1997. The plaintiffs were formally notified on October 21, 1997 of the charges against them and summoned for a compliance meeting on November 18, 1997. A hearing on such charges was held on March 5, 1998 with the final agency decision on June 4, 1998.
The charges involving the April 23, 1996 incident were dismissed by the DLC. Thus, the violations found occurred from September 12, 1996 through September 18, 1997. Formal charges were issued thirteen months from the first violation, the hearing held within eighteen months and the decision within twenty-one months of the earliest date of violation.
The Constitutional due process of law requirement encompasses the right to notice and a hearing "at a meaningful time".Armstrong v. Manzo, 380 U.S. 545, 552 (1965). In a license revocation proceeding, the failure to provide a timely hearing has been found to violate the due process of law hearing requirement. Barry v. Barchi, 443 U.S. 55, 67 (1979). In assessing speedy trial claims under both federal and constitutional law, the courts balance four factors: length of delay, reason for delay, the defendants assertion of his right and prejudice to the defendant. "[N]one of the factors standing alone would demand a set disposition, rather it is the total mix which determines whether the defendants right was violated." State v. Nims,180 Conn. 589, 592 (1980); see also Baker v. Ulingo, 407 U.S. 514,530 (1972); State v. Wall, 40 Conn. App. 643, 651, cert. denied,237 Conn. 924 (1996).
The criteria of the speedy trial analysis demonstrates the reasonableness of the process in this case. The delays in twenty-one months to disposition from the earliest violation were in no way extraordinary. See Finkeldey v. Shifrin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 575293 (June 12, 1998. McWeeny, J.) (involving a somewhat lengthier DLC proceeding.) The cause of the delay was CT Page 2609 apparently the DLCs burden in enforcing liquor laws statewide. The plaintiffs did not assert the timeliness objection during the administrative process nor have the plaintiffs, in the present appeal, demonstrated a specific prejudice resulting from the delays. Furthermore, the DLC enforcement statutes contain no specific time parameters for bringing charges, holding hearing or issuing decisions. Thus, the standard is one of reasonableness, and was not exceeded under these circumstances.
The plaintiffs' evidentiary challenge is limited to charges ten, eleven and twelve.[1] (Return of Record ("ROR"), Item 4, Liquor Control Commission Decision dated June 4, 1998, p. 3.) At the hearing, the plaintiffs attorney conceded instances of violations. Charges ten, eleven and twelve are supported by the testimonial evidence from police officers. The resolution of these claims are dictated by the substantial evidence rule.
"An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the plaintiffs to demonstrate that the [agencys] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Citations omitted; internal quotation marks omitted.) New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 118 (1998).
The commissioners who heard the case as the triers of fact were free to credit the officers testimony. All the violations found are supported by substantial evidence.
The plaintiffs final claim relates to the penalty. In view of the repeated and flagrant violations of the law and regulations, the extent of the penalty is unquestionably reasonable. The plaintiffs object to the additional suspension period in lieu of fine. However, such specific penalty is authorized under Connecticut General Statutes § 30-58a.[2]
The DLC decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J. CT Page 2610